## WILLEY HALEY v. THE STATE.

### No. 2472.   Decided April 29, 1903.

**1.—Recognizance on Appeal.**

Under article 887, Code of Criminal Procedure, a recognizance on appeal is not defective because it recites that it was taken "before the court in session," instead of, in "open court," as expressed in the statute.

**2.—Same.**

A recognizance on appeal which states that the principal is bound in the sum of $200 and that each surety is bound in the sum of $200, is in substantial compliance with article 887, Code of Criminal Procedure.

**3.—New Trial—Newly Discovered Evidence.**

A new trial will not be granted for "undiscovered evidence" which the most casual diligence would have discovered.

Appeal from the County Court of Jackson.   Tried below before Hon. T. M. Austin, County Judge.

Appeal from a conviction for unmercifully beating a cow; penalty, a fine of $5.

No statement of the facts necessary.

*Guy Mitchell,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted under an indictment charging that he did willfully and wantonly maim and cruelly and unmercifully beat and abuse a cow, the property of R. I. Raleigh, and his punishment assessed at a fine of $5.

The Assistant Attorney-General moves to dismiss the appeal, because the recognizance "fails to substantially comply with the form prescribed in article 887, Court of Criminal Procedure.   First, it fails to show the recognizance was taken in open court; second, the principal and sureties do not 'acknowledge themselves severally indebted to the State of Texas in the penal sum' fixed by the court.   It is more onerous than the law requires in this, it obligates the principal, Willie Haley, to be indebted in the full sum of two hundred dollars; and the sureties in additional sums of two hundred dollars each."   The recognizance states that, it was taken "before the court in session," while the form prescribed by article 887 says, "in open court."   We do not think this is a valid objection to the recognizance.   Nor do we think that the mere fact that the recognizance states the principal is bound for $200, and that each surety is bound in the sum of $200, is violative of the clause of article 887 which says that each are severally bound.   In other words, we think this recognizance is a substantial compliance with article 887.   However, this court has repeatedly insisted that this recognizance, so simple in its form, should be complied with as written; but we can not say that this recognizance is not a substantial compliance with the statute.

Appellant's motion for new trial insists that the evidence is insufficient to support the verdict.   We do not think this is true.   There is enough

evidence to support the verdict. However, the evidence for appellant strongly preponderates, both as to the extent of the injury to the cow and in refutation of the State's witness testimony that the cow was injured at all. But the State's witnesses testify to an injury to the cow. The facts show, with reasonable certainty, that appellant roped the cow, and that he inflicted upon her a cruel and wanton injury.

Appellant insists that the court should have granted him a new trial, on the ground of "undiscovered evidence." It may be conceded that it was undiscovered at the time of the trial; but it does not come within any rules of newly discovered evidence, since the most casual diligence would have discovered this testimony.

No error appearing in the record, the judgment is affirmed.

*Affirmed.*